# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

STEPHON FELTON,                    :

        Petitioner,          :          Case No. 3:09cv403
                                    Case No. 3:07cr172

  vs.                              :

                                      District Judge Thomas M. Rose
UNITED STATES OF AMERICA,       :          Magistrate Judge Sharon L. Ovington

        Respondent.         :

---

## REPORT and RECOMMENDATIONS[1]

---

This matter is before the Court on *pro se* Petitioner Stephon Felton's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Case No. 3:07cr172, Doc. #61);[2] Respondent's opposing memorandum (Doc. #64); and the record as a whole.

As a review of the record and the undisputed facts shows conclusively that Petitioner is entitled to no relief and that an evidentiary hearing is not warranted, the Court recommends that Felton's Section 2255 action be dismissed.

## FACTS, PROCEDURAL HISTORY & THE PARTIES' CLAIMS

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

[2]Although not expressly stated, all further docket references will be to the docket number assigned in the <u>criminal</u> case.

On October 24, 2007, pursuant to a three-count indictment, Petitioner Stephon Felton was charged in this Court with possession with intent to distribute more than 500 grams of cocaine; possession with intent to distribute more than 50 grams of cocaine base, or "crack" cocaine; and possession of a firearm by a convicted felon.  (Doc. #24).  On July 7, 2008, Felton entered a plea of guilty to Count Two, "Possession with Intent to Distribute in excess of 50 grams of Cocaine Base," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  (Doc. #63 at 36, 37-38; *see also* Doc. #45).  The facts underlying that offense, as set out in the plea agreement signed by Felton and his counsel and as read into the record at the time of Felton's guilty plea, are as follows:

> On August 4, 2007, members of the Montgomery County Sheriff's Office and [the] Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") executed a search warrant at a residence located at 2244 Rugby, in Dayton, Ohio, within the Southern District of Ohio. During execution of the warrant, Defendant and his roommate, identified herein as "J.R.", were found to be in possession of approximately 141.28 grams of Cocaine Base (commonly known as "Crack"), 893.31 grams of powder cocaine, .35 grams of heroin,[3] and 35.72 grams of a powder cocaine/heroin mixture.  These substances, including the Cocaine Base, were possessed by Defendant and J.R. with the intent to distribute them.
>
> Above the kitchen counter where cocaine was being

---

[3]Here the transcript of Felton's plea hearing differs, instead indicating "**3.1** grams of heroin."  (Doc. #63 at 9) (emphasis added).

> cooked into crack, ATF agents located an operable
> Beretta Model 84 FS "Cheetah" .380 caliber pistol . . .
> surrounded by some of the drugs and trafficking
> paraphernalia, such as a scale.  In Defendant's bedroom
> where ATF agents seized a sum of powder cocaine,
> agents located cash bundled together in one of the
> drawers.  A second amount of cash in various
> denominations was stacked in plain view on the kitchen
> table, next to a plate containing powder cocaine and a
> few feet away from the crack-cooking area on the
> kitchen counter.  The total of these cash amounts added
> up to $9,458.00, and represent[ed] proceeds from the
> sale of Cocaine Base, among other controlled
> substances.  The above-mentioned firearm was
> possessed by Defendant in connection with the drug
> trafficking crimes occurring in the apartment.

(Doc. #45 at 9; *see also* Doc. #63 at 9-10).

As part of Felton's plea agreement with the United States, Counts One and Three of the indictment against him were dismissed.  (*See* Doc. #53 at 1; Doc. #45 at 5).  Felton also waived his right to appeal and collaterally attack his sentence and conviction in exchange for an agreed disposition of 144 months imprisonment followed by five years of supervised release, pursuant to Fed. R. Crim. P. 11(c)(1)(C).  (Doc. #45 at 7; Doc. #63 at 30).  On October 14, 2008, in accordance with the terms of the plea agreement, United States District Judge Thomas M. Rose sentenced Felton to 144 months of incarceration.  (Doc. #53 at 2).

On October 26, 2009,[4] Felton filed the instant *pro se* 28 U.S.C. § 2255 motion,

setting forth six grounds for relief, as follow in their entirety:

> GROUND ONE:  Movant's [s]entence of 144 months of imprisonment violates Movant's [r]ight to Due Process of Law in [v]iolation of the Fifth Amendment of the Constitution of the United States.

> > Supporting facts:  Movant was sentenced to 144 months of imprisonment for the August 4, 2007 [crime of] possession with intent to distribute 50 grams or more of what was alleged to be cocaine base.  The Court, in imposing the sentence on 10/10/08, utilized the [S]entencing Guidelines promulgated by the United States Sentencing Commission, [ ] which utilized a 100 to 1 ratio between crack and powder cocaine, when, in truth and fact, both substances are the same substance, to wit: cocaine.  Yet Movant's sentence was significantly higher based solely on the fact that the cocaine was in a base form and not a hyd[r]chloride form, although the two substances are essentially the same.  The utilization of the 100 to 1 ratio established by the Sentencing Guidelines was fundamentally unfair and deprived Movant of his right to due process of law.

> GROUND TWO:  Movant's [s]entence of 144 [m]onths [c]onstitutes Cruel and Unusual Punishment in [v]iolation of the Eighth Amendment.

> > Supporting facts:  The Court's imposition of a sentence of 144 months in this case constitutes cruel and unusual

---

[4]The Court observes that Felton's Section 2255 motion was both filed (*see* Doc. #61 at 1) <u>and</u> executed (*id.* at 13) more than a year after his October 14, 2008 sentence and final judgment of conviction.  (*See* Doc. #53).  Although Respondent has not raised 28 U.S.C. § 2255(f)'s one year statute of limitations, *see infra*, as a defense to Felton's motion (*see* Doc. #64), the Court nonetheless notes that at least some of Felton's Section 2255 claims also may be time barred.

punishment in violation fo the Eight Amendment's prohibition against cruel and unusual punishment because the sentence is based upon an irrational belief that cocaine base is a greater harm to society than is cocaine hydrochloride. [ T]he Guideline sentences authorized are dramatically different, with the cocaine base guideline being far harsher than the guideline for a similar amount of cocaine hydrochloride. There is a reasonable connection between an irrational basis on which to base the sentence and the resulting sentence itself. Because the sentence is based on a irrational hypothesis, that is, that cocaine base is more harmful than powder cocaine, the resulting sentence is unfair.

GROUND THREE: Movant received Ineffective Assistance of Counsel [w]hen [his c]ounsel [f]ailed to [u]rge [that] the Guideline [s]entenc[ing] [s]cheme for [c]rack [c]ocaine [o]ffenses [v]iolated the Eighth Amendment.

Supporting facts: Movant's counsel did not allege that the Guideline [s]entence calculated in this case involved the application of a fundamentally flawed rationale, which, in turn, resulted in a sentence that was cruel and unusual in that it was based on a guideline that was fundamentally unreaso[na]ble which, in turn, resulted, by its application, in a sentence which is fundamentally unfair. Counsel, however, did not urge this Court to reject the irrationality of the 100 to 1 ration, and made no argument that the failure to consider the similarity between powder and crack cocaine should result in a similar sentence with respect to the [G]uidelines. Some [c]ourts have rejected the application of the 100 to 1 ratio in the imposition of [a] sentence. Counsel, as an advocate for the Movant, had the duty to advocate the issue before this Court, but he did not do so.

GROUND FOUR: The [p]enalty [p]rovisions of 21 U.S.C. § 841(b)(1)(A) & (B) [a]re [u]nconstitutional [a]s [t]hey [r]esult in

[r]acially [d]isparate [s]entence[s] in [v]iolation of the Equal
Protection Clause of the Constitution.

> The provisions of 21 U.S.C. § 841(b)(1)(A) and (B) create
> an irrational sentencing scheme that disproportionately
> results in longer sentences for African-American citizens
> than others without any rational basis for the
> distinction.  While Congress is, under Article I of the
> Constitution, charged with making the laws, Congress
> must do so within the confines of the Constitution of the
> United States.  Yet Congress, in treating cocaine base
> (crack) differently from cocaine hydroch[]loride, created
> a punishment regime that results in far lengthier
> sentences for conduct that is much similar to the
> conduct of those engaged with powder cocaine, yet the
> powder cocaine offense is punished significantly lighter
> than cocaine base.

GROUND FIVE:  Movant's Speedy Trial [r]ights were [v]iolated
[w]hen the Government failed to [s]ecure an [i]ndictment [w]ithin 30
days after the Movant was arrested on a complaint.

> [Supporting] facts:  Movant was arrested on August 6,
> 2007, and was detained pending trial.  The Federal
> Public Defendant was appointed to represent the
> Movant.  Under the Speedy Trial Act, the Government
> had 30 days within which to obtain an indictment.  An
> indictment was not returned until although [sic] the
> Movant was told to sign a Waiver of Timely Indictment
> /Information, which he did because he was directed to
> do so by his attorney.  An indictment was not returned
> until October 24, 2007.  At that point in time, the Movant
> had been in jail, held without bond, since August 6,
> 2007, or for 78 days without an indictment, even
> though, in the meantime, several grand juries in the
> Southern District of Ohio had met, and the case could
> have been presented for an indictment.  No[ ] motion
> was filed by counsel to dismiss the case for failure to

return an indictment within the 30-day period provided
by the Speedy Trial Act.

GROUND SIX: Movant received ineffective assistance of counsel
during the course of the pendency of the indictment, in violation of
his Sixth Amendment right to effective assistance of counsel.

> [Supporting] facts: Movant was represented by three
> different attorneys during various stages of the case.
> Movant's counsel was ineffective for failing to file a
> motion to dismiss the indictment with prejudice, in
> view of the fact that it took the Government 74 days
> following the Movant's arrest for an indictment to be
> returned in the case.  The length of the delay was all the
> more unreasonable because the Movant was confined
> and held with bond during the pendency of the entire
> case.  While counsel had directed the Movant to sign a
> waiver of this right to a timely indictment, his rights
> under the Speedy Trial Act were not explained to him,
> and he had no knowledge of this rights.  There was no
> reason why an indictment could not have been returned
> on a timely basis, and no reason why counsel could not
> have moved to dismiss the charges with prejudice in
> view of the very le[ng]th[y] delay in obtaining an
> indictment.  Counsel was deficient in failing to move to
> dismiss the indictment as untimely, notwithstanding the
> fact that Movant had filed a waiver.  His waiver was not
> a knowing waiver, as his speedy trial rights had never
> been explained to him.

(Doc. #61 at 5, 6, 7-8, 9, 9a).

In response, the United States first argues that, by the terms of his plea

agreement, Felton waived his right to challenge his sentence.  (Doc. #64 at 2-3).

In addition, Respondent contends that through the plea agreement and his guilty

-7-

plea, Felton expressly agreed to the appropriateness of the 144 month sentence that he received.  (*Id.* at 4).  Respondent further maintains that Felton's waiver of his Speedy Trial Act rights precludes Felton from now raising a speedy trial challenge (*id.* at 4-5), and that Felton's guilty plea limits his ineffective of counsel claim to examining whether that plea was knowing and voluntary.  (*Id.* at 5-6).  Finally, Respondent urges that Felton's challenge to the constitutionality of 28 U.S.C. § 841(b)(1)(A) and (B)'s penalty provisions is without merit.  (*Id.* at 6-7).  The United States thus asks that Felton's Section 2255 motion be dismissed in its entirety.

Although Felton requested (Doc. #65) and the Court granted (Doc. #66) an extension of time for Felton to reply to Respondent's opposing memorandum, Felton has filed no reply, either before or since the extended deadline of February 28, 2011.  (*See id.*).  Accordingly, this matter now is ripe for decision.

## APPLICABLE LAW

### 28 U.S.C. § 2255

A federal prisoner who claims that his sentence was imposed in violation of the Constitution or laws of the United States or "is otherwise subject to collateral attack" may move the sentencing court to vacate, set aside or correct his sentence.  28 U.S.C. § 2255(a).  A one year limitations period applies to such

actions. 28 U.S.C. § 2255(f). Unless the record "conclusively show[s] that the prisoner is entitled to no relief," the court is to hold a hearing, determine the issues, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b).

If a Section 2255 motion is not dismissed, "the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted . . . to determine whether an evidentiary hearing is warranted." Rules Governing § 2255 Proceedings, Rule 5(a); *see also Ross v. United States*, 339 F.3d 483, 490-91 (6th Cir. 2003). Where a factual dispute exists, "the habeas court <u>must</u> hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (emphasis added) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1195 (2000)), *cert. denied*, 552 U.S. 1217 (2008); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) ("An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief.").

"[T]he burden on the petitioner in a *habeas* case for establishing an entitlement to an evidentiary hearing is relatively light." *Valentine*, 488 F.3d at 333 (citing *Turner, supra*); *see also Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). However, the district court need not conduct an extensive evidentiary hearing in every instance. *See Wright v. United States*, 320 F. App'x 421, 427 (6th

Cir. 2009).  "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."  *Id.* (parenthetical in original) (citing *Smith*, 348 F.3d at 550-51).  Accordingly, the reviewing court is to determine what material issues of fact require resolution via an evidentiary hearing.

In most Section 2255 proceedings, "the court may appoint counsel" to represent the petitioner.  28 U.S.C. § 2255(g).  "If an evidentiary hearing is warranted," however, "the judge <u>must</u> appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Rules Governing § 2255 Proceedings, Rule 5(c) (emphasis added).  Any hearing determined to be necessary shall be held "as soon as practicable after giving the attorneys adequate time to investigate and prepare."  *Id.*

### <u>Right to Effective Assistance of Counsel</u>

The "Assistance of Counsel" guaranteed by the Sixth Amendment presumes that a criminal defendant has "the right to the <u>effective</u> assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (emphasis added) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).  To establish a

claim of ineffective assistance of trial counsel, a criminal defendant must make a

two-part showing:

> First, the defendant must show that counsel's
> performance was deficient. This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the defendant
> by the Sixth Amendment. Second, the defendant must
> show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors
> were so serious as to deprive the defendant of a fair
> trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687; *see also O'Hara v. Brigano*, 499 F.3d 492, 505 (6th Cir.

2007). To satisfy the prejudice prong, a defendant "must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Overall, the constitutional standard for adequate representation is "an

objective standard of reasonableness" in line with "prevailing professional

norms." *Strickland*, 466 U.S. at 687-88. Counsel's performance also should be

evaluated in light of the totality of the circumstances. *See id.* at 690; *Mason v.

Mitchell*, 320 F.3d 604, 618 (6th Cir. 2003).

The *Strickland* standard applies not only to counsel's performance during

trial, but also in the context of representation provided during plea hearings,

with the second prong focusing on "whether counsel's constitutionally

ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006).  With respect to claimed deficiencies in representation as to a criminal defendant's sentence, the same *Strickland* factors apply: *i.e.*, the petitioner must show both that his counsel's performance fell below an objective standard of reasonableness, and that absent such shortcoming, the outcome likely would have been different. *See Glover v. United States*, 531 U.S. 198, 204 (2001); *Green v. United States*, 65 F.3d 546 (6th Cir. 1995), *cert. denied*, 516 U.S. 1098 (1996).

A defendant's failure to satisfy either prong of the *Strickland* test obviates the need for the court to consider the other prong.  *See Strickland*, 466 U.S. at 697; *see also Stanford v. Parker*, 266 F.3d 442, 454 (6th Cir. 2001), *cert. denied*, 537 U.S. 831 (2002).

### Right Against Cruel and Unusual Punishment/Disproportionality

The Eighth Amendment to the United States Constitution prohibits the government from inflicting "cruel and unusual punishments."  Although such prohibition has been recognized to extend to punishment that is "grossly

disproportionate to the severity of the crime," *see, e.g., Ingraham v. Wright*, 430 U.S. 651 (1977) (citing *Weems v. United States*, 217 U.S. 349 (1910)); *Hutto v. Finney*, 437 U.S. 678 (1978), "successful challenges to the proportionality of particular sentences have been exceedingly rare" outside the context of capital punishment. *Rummel v. Estelle*, 445 U.S. 263, 272 (1980); *see also Harmelin v. Michigan*, 501 U.S. 957, 963 (1991) (quoting *Rummel, supra*).[5]

To determine whether a penalty is so disproportionate as to constitute "cruel and unusual punishment" within the meaning of the Eighth Amendment, courts must look to "the evolving standards of decency that mark the progress of a maturing society." *Roper v. Simmons*, 543 U.S. 551, 561 (2005) (quoting *Trop v. Dulles*, 356 U.S. 86, 100-01 (1958)). Objective evidence of such standards can be derived from legislative enactments. *Penry v. Lynaugh*, 492 U.S. 302, 335 (1989).

In *Harmelin*, the plurality re-clarified that "the Eighth Amendment does not require strict proportionality between crime and sentence, but rather forbids only extreme sentences that are grossly disproportionate to the crime." 501 U.S. at 959 (Kennedy, J., concurring); *see also, e.g., United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991); *United States v. Sherrod*, 53 F.3d 332 [table], 1995 WL 253178, at *4

---

[5]Indeed, the Eighth Amendment does not even require consideration of mitigating factors at sentencing in non-capital cases. *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (citing *Harmelin*, 501 U.S. at 995).

(6th Cir. 1995) ("the [E]ighth [A]mendment is offended only by an extreme disparity between crime and sentence"); *Davis v. United States*, No. 1:06CR127, 2010 WL 2232411, at *7 (N.D. Ohio May 26, 2010). As a result, "[a] defendant challenging his sentence under the Eighth Amendment has a tremendously difficult burden to meet." *United States v. Hughes*, 632 F.3d 956, 959 (6th Cir. 2011), *petition for cert. filed*, No. 10-10300 (Apr. 22, 2011). "In the last century, the Supreme Court has struck down only a handful of non-capital sentences under the Eighth Amendment, and those cases have been egregious in the extreme." *Id.*

Ultimately, the Court in *Harmelin* upheld the constitutionality of the mandatory life sentence without the possibility of parole entered against the defendant there, who had no criminal history and was convicted of simple possession of 672 grams of cocaine. 501 U.S. at 996. Using the outcome in *Harmelin* as a guideline, "it follows *a fortiori*" that lesser sentences for convictions of more serious offenses do not violate the Eighth Amendment's "cruel and unusual punishment" provision. *Sherrod*, 1995 WL 253178, at *4. Indeed, as observed by the district court in *Davis*, "[h]aving adopted this principle of 'narrow proportionality,'" the Sixth Circuit repeatedly "has affirmed lengthy prison sentences for drug crimes." 2010 WL 2232411, at *7 (citing *United States v. Jones*, 569 F.3d 569 (6th Cir. 2009) (mandatory 10 year sentence for conspiracy to

-14-

possess with intent to distribute 50 grams of cocaine base not grossly

disproportionate); *United States v. Odeneal*, 517 F.3d 406 (6th Cir. 2008) (mandatory

life sentence for conspiracy to possess with intent to distribute 50 grams of

cocaine base not grossly disproportionate); *United States v. Stone*, 218 F. App'x 425

(6th Cir.) (mandatory life sentence for conspiracy to distribute 50 or more grams

of cocaine bass not grossly disproportionate), *cert. denied*, 551 U.S. 1158 (2007)).

## ANALYSIS

### Waiver of Right to Appeal/Collateral Attack

Respondent first argues that by the very terms of his plea agreement,

Felton waived his right to bring a Section 2255 challenge regarding his sentence.

(Doc. #64 at 2-3). The pertinent portion of Felton's plea agreement states as

follows, *verbatim*:

LIMITED WAIVER OF APPEAL AND COLLATERAL ATTACK

> 12. To the extent permitted by law, Defendant gives up
> the right to appeal his conviction, his sentence, and the
> manner in which the sentence is determined.
> Notwithstanding the foregoing, Defendant retains the
> right to appeal his sentence and the manner in which
> the sentence is determined if the Court (a) imposes a
> sentence contrary to the Agreed Disposition, (b)
> Defendant objects on the record to the contrary sentence
> at the time of sentencing, and (c) the Court refuses to
> allow Defendant to withdraw his guilty plea after
> Defendant objects to the contrary sentence. Defendant
> further understands that the USAO ["United States
> Attorney's Office"] retains its right and/or duty to

> appeal the sentence.  However, if the USAO files such
> an appeal, Defendant shall be released from the above
> waiver of appellate rights.  To the extent permitted by
> law, **Defendant** further **waives and gives up any right
> to bring a post-conviction collateral attack on the**
> conviction or **sentence**.

(Doc. #45 at 7) (emphasis, bracketed material added).

In addition, as Respondent aptly notes (*see* Doc. #64 at 3), during the plea

colloquy, Judge Rose drew Felton's attention specifically to those waiver

provisions, as recorded in the following exchange:

> THE COURT: Finally, paragraph 12[,] to the extent that
> is permitted by law, paragraph 12 indicates that you are
> waiving your right to appeal this conviction o[r] your
> sentence and the manner in which the sentence is
> determined.  Obviously there are a few things that you
> cannot waive.  But other than that, you are waiving
> your right to appeal if the Court accepts your plea and
> imposes a sentence.  Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Do you have any questions
> about that?
>
> THE DEFENDANT: No, sir.

(Doc. #63 at 30).

"It is well settled that a defendant in a criminal case may waive any right,

even a constitutional right, by means of a plea agreement."  *United States v.*

*McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005) (quoting *United States v. Calderon*, 388

F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)). Indeed, the United States Court of Appeals for the Sixth Circuit has made clear that such waivers are enforceable as to a criminal defendant's right to appeal his sentence, *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003), as well as to "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence." *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993)). That Court also has reaffirmed those holdings in multiple cases since. *See, e.g., United States v. Zakharia*, Nos. 08-1266, 09-1219, 2011 WL 1283682 (6th Cir. Apr. 6, 2011); *United States v. Payton*, 380 F. App'x 509, 513 (6th Cir. 2010); *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *McGilvery*, 403 F.3d at 363.

In *McGilvery*, for example, the defendant "agreed, pursuant to a plea agreement, to waive his right to appellate review if the district court imposed a sentence equal to or less than [24] months." *Id.* at 362-63. Finding that the district court had complied with its duty to "inform the defendant of, and determine that the defendant understands[,] the terms of any appellate-waiver provision in the plea agreement," the Sixth Circuit there found "nothing in the record to suggest that . . . [the] defendant misunderstood the scope of his waiver of appellate

-17-

rights," and thus declined to review the merits of the defendant's claims.  *Id.* at

363 (citing *United States v. Murdock*, 398 F.3d 491, 495-96, 499 (6th Cir. 2005);

*Calderon*, 388 F.3d at 198-200).

The relevant facts underlying Felton's plea essentially mirror those of

*McGilvery, supra.*  Pursuant to his plea agreement with the government, Felton

"waive[d] and g[a]ve[ ] up any right to bring a post-conviction collateral attack"

on his conviction or sentence, so long as the Court did not "impose[ ] a sentence

contrary to the Agreed Disposition" – *i.e.*, 144 months imprisonment.  (Doc. #45

at 2, 7).  The district judge confirmed Felton's understanding of the consequences

of that appellate waiver provision when taking his guilty plea.  (Doc. #63 at 30).

Finally, the district judge in fact imposed a sentence of 144 months incarceration,

consistent with the terms of plea agreement.  (Doc. #53).

As the record reflects that Felton's plea agreement waiver of his right to

pursue a collateral attack was knowing and voluntary, that waiver should be

enforced to preclude Felton from pursuing this Section 2255 motion.

### **Ineffective Assistance of Counsel Claim**

Notwithstanding the foregoing conclusion that Felton waived his right to

collaterally attack his sentence, this Court recognizes that waiver provisions are

not necessarily dispositive of ineffective assistance of counsel claims.  (*See* Doc.

#61 at Grounds Three, Six).  In *Watson*, the Sixth Circuit expressly reserved "the

question of whether the waiver of § 2255 relief in a plea agreement bars a

collateral attack based upon ineffective assistance of counsel," 165 F.3d at 489

n.4. That Court also later recognized that "it would be entirely circular for the

government to argue that [a] defendant has waived his right to an appeal or a

collateral attack when the substance of his claim challenges the very validity of

the waiver itself." *Acosta*. 480 F.3d at 422 (citing *Hill v. Lockhart*, 474 U.S. 52

(1985); *Watson*, 165 F.3d at 489). Accordingly, "[a] waiver of appeal rights may be

challenged on the grounds that it was not knowing and voluntary, was not taken

in compliance with Fed. R. Crim. P. 11, or was the product of ineffective

assistance of counsel." *United States v. Atkinson*, 354 F. App'x 250, 252 (6th Cir.

2009) (citing *Acosta*, 480 F.3d at 422).

     A review of Felton's grounds for relief based on purported ineffective

assistance of counsel, however, reveals that those claims do <u>not</u> implicate the

concerns expressed in *Atkinson* and *Acosta, supra*. In Ground Three, Felton argues

not that his attorney failed to inform him of the consequences of the waiver of his

right to appeal, but that his counsel should have argued that the sentencing

guidelines' range for crack cocaine violated the Eighth Amendment's prohibition

on cruel and unusual punishment. (*See* Doc. #61 at 7-8). Similarly, in Ground

Six, Felton argues that his counsel performed deficiently by not moving to

dismiss the indictment against Felton as untimely.  (*Id.* at 9a).  In neither Ground

has Felton "raised a challenge that goes to the validity of his <u>waiver</u>, such as a

claim that the waiver was involuntary or the product of ineffective assistance of

counsel."  *Acosta*, 480 F.3d at 422 (emphasis added).

As noted in *Acosta*, the Sixth Circuit has enforced waiver provisions where

"it has been clear that the defendant did not articulate a basis for attacking the

validity of his plea."  480 F.3d at 422 (citing *McGilvery*, 403 F.3d at 363 n.2;

*Watson*, 165 F.3d at 489).  As Felton's ineffective assistance of counsel claims

likewise do not articulate a basis for attacking the validity of <u>his</u> plea or the

waiver language contained therein, those challenges also have been waived.

### Remaining Claims - Speedy Trial, Disproportionality, Etc.

Having concluded that Felton waived his right to collaterally attack his

sentence via a Section 2255 motion and that he also has raised no viable grounds

for challenging the validity of that waiver, the Court need not address Felton's

individual grounds for relief under Section 2255.  Nevertheless, the Court notes

for the record that Felton's claims premised on the Speedy Trial Act and

counsel's alleged ineffectiveness in not seeking dismissal based thereon (*see* Doc.

#61, Grounds Five and Six) would appear to be precluded not only by Felton's

waiver of his speedy trial right (*see* Doc. ##18, 19), but also by his subsequent

*-20-*

guilty plea. The plea agreement signed by Felton included a provision expressly waiving "all defenses based on timeliness, including, but not limited to, defenses based on . . . the Speedy Trial Act." (Doc. #45 at 5); *see also Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998) ("We have explicitly held that failure to preserve a Speedy Trial Act challenge by entering into a conditional guilty plea effectively waives the issue for appeal") (citing *United States v. Pickett*, 941 F.2d 411, 416-17 (6th Cir. 1991)).

Similarly, by agreeing to plead guilty in exchange for an "appropriate" sentence "of one-hundred and forty-four (144) months imprisonment" (Doc. #45 at 2), Felton effectively waived any objection to the imposed sentence of that duration. (Doc. #61, Grounds One, Two, Three and Four); *see Suttles v. Warden, Noble Corr. Inst.*, No. 1:06-CV-00055, 2007 WL 2110498, at *9 (S.D. Ohio July 17, 2007) (Spiegel, J.) (defendant who "voluntarily exposed himself to a specific punishment . . . cannot [ ] claim he was the victim of a mandatory sentencing scheme").

Finally, in addition to other reasons not elaborated here (*see, e.g.*, Doc. #64 at 5-7), the Court again notes that some or all such claims also may be barred by the applicable statute of limitations. *See* n.4, *supra*.

Because reasonable jurists would not disagree with the foregoing

conclusions, Felton should be denied any certificate of appealability and leave to appeal *in forma pauperis*.

**IT THEREFORE IS RECOMMENDED THAT**:

1)  Petitioner Stephon Felton's motion to vacate, set aside or correct sentence (Case No. 3:07cr172, Doc. #61) be DENIED with prejudice and DISMISSED in its entirety;

2) a certificate of appealability and leave to appeal *in forma pauperis* should be denied;  and,

3) This matter be TERMINATED on the docket of this Court.

May 11, 2011                              _____s/Sharon L. Ovington_____
                                                    Sharon L. Ovington
                                              United States Magistrate Judge

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen [14] days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen [17] days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen [14] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).